**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Mast, et al., | No. CV-16-01022-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Go 2 Transportation LLC, et al., | |
| Defendants. | |

The parties seek preliminary approval of a proposed settlement agreement. (Doc. 180). The Court will require the parties file an explanation regarding one provision of their agreement.

The proposed settlement agreement establishes a fund for distribution to class members. If a class member cannot be located, or if a settlement check is not cashed, there may be unclaimed funds. The agreement specifies any unclaimed funds "shall be sent to the State of Arizona Department of Revenue, Unclaimed Property Unit." (Doc. 180-1 at 11). The parties will be required to explain whether this provision is appropriate.

In their explanation, the parties should address which law would apply to the distribution of unclaimed funds. *Compare* Ethan D. Millar & John L. Coalson, Jr., *The Pot of Gold at the End of the Class Action Lawsuit: Can States Claim It As Unclaimed Property?*, 70 U. Pitt. L. Rev. 511 (2009) (concluding "in a federal court class action, federal law rather than state law should apply to the disposition of unclaimed settlement proceeds under Federal Rule of Civil Procedure 23, the Erie doctrine, and other

authorities") *with All Plaintiffs v. All Defendants*, 645 F.3d 329, 337 (5th Cir. 2011) (holding Texas law applied to unclaimed funds in class action context). If the parties believe Arizona law would apply, they must explain why that would be true for a class member whose last known address is not in Arizona. Moreover, if the parties believe Arizona law would apply, they should address whether sending unclaimed funds to Arizona is the best, or at least the most reasonable, use of those funds. *Cf. Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) (discussing permissible uses of unclaimed funds in class action context).

Finally, should the Court preliminarily approve the settlement, class counsel will be required to file the motion for attorneys' fees before the deadline for class members to submit objections. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010) (requiring filing of motion for attorneys' fees before deadline for objections).

Accordingly,

**IT IS ORDERED** no later than **February 1, 2019**, the parties shall file a supplement addressing the proper disposition of unclaimed funds.

Dated this 25th day of January, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge