**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vernon Mast, et al., | No. CV-16-01022-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Go 2 Transportation LLC, et al., | |
| Defendants. | |

The parties have submitted a supplement explaining they believe Arizona law should govern the disposition of any unclaimed funds. The parties did not engage with the authority provided by the Court regarding the appropriate choice of law. Instead, they merely cited a Supreme Court decision, *Delaware v. New York*, 507 U.S. 490 (1993), that actually cuts against their position. In that case, the Supreme Court reaffirmed the general rule that "fairness among the States requires that the right and power to escheat [a] debt should be accorded to the State of the creditor's last known address as shown by the debtor's books and records." *Delaware v. New York*, 507 U.S. 490, 498 (1993). Applied here, that rule would require unclaimed funds be sent to the state of the relevant class member's last known address.

There remains substantial uncertainty regarding how unclaimed funds in a multi-state class action should be escheated to a government. *See, e.g.*, 4 Newberg on Class Actions § 12:31 (noting Fifth Circuit decision requiring funds in multi-state class action attributable to Texas residents be escheated to Texas has "seeming wide import" but has

"not been followed often"). In light of that uncertainty, and despite the parties' failure to explain why Arizona law should apply, the Court will approve the parties' proposal. It is possible there will be no unclaimed funds and the issue will be moot. But in the event there are unclaimed funds, Arizona has the most significant relationship to Defendants. In addition, requiring disbursement of any unclaimed funds to multiple states would substantially increase the complexity of managing the settlement.

Overall, the proposed settlement appears to be "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval." *Singh v. Roadrunner Intermodal Servs., LLC*, No. 115CV01497DADBAM, 2018 WL 2412325, at *3 (E.D. Cal. May 29, 2018). Thus, the joint motion for approval will be granted with one minor exception. The Court previously informed the parties that "class counsel will be required to file the motion for attorneys' fees before the deadline for class members to submit objections." (Doc. 181 at 2). The parties submitted a proposed revised schedule that still might result in class members needing to file objections before the motion for attorneys' fees is filed. The Court will not approve of that schedule as it conflicts with Ninth Circuit law. Thus, assuming class counsel is willing to submit its motion for fees and costs based on the date below, the Court will preliminarily approve the settlement.

Accordingly,

**IT IS ORDERED** the Joint Motion for Preliminary Approval of Class Settlement (Doc. 180) is **GRANTED** as set forth below.

**IT IS FURTHER ORDERED** that the parties shall provide the Court with their final proposed Notice to Class Members within ten days from the date of this Order.

**IT IS FURTHER ORDERED** that Class Counsel shall mail and/or e-mail as instructed in the Joint Motion and Settlement Agreement the Notice to Class Members no later than thirty days from the date of this Order.

**IT IS FURTHER ORDERED** setting this matter for a Final Approval/Fairness

Hearing on **May 22, 2019**, at **2:00 p.m.** before the Honorable Roslyn O. Silver in the United States District Court, District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED** the parties shall comply with the schedule set forth in Doc. 182 with the exception that the deadline for class counsel to file the motion for attorneys' fees and costs shall be sixty calendar days before the Final Approval/Fairness Hearing.

Dated this 8th day of February, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge